**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JOSEPH HEAD                                                    PETITIONER


VS.                              4:20-cv-00386-JM/JTR


DEXTER PAYNE, Director,
Arkansas Division of Correction                               RESPONDENT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Background

Pending before the Court is a § 2254 habeas Petition[1] filed by Petitioner,
Joseph Head ("Head"). *Doc. 1*. He attacks a prison disciplinary he received while
incarcerated in the Maximum Security Unit of the Arkansas Department of
Correction ("ADC").

On January 4, 2019, Lieutenant Frankie Brooks ("Lt. Brooks") received a fax
from a woman identifying herself as "Shannon Head" ("Ms. Head").[2]  Ms. Head
reported to prison officials that Head, from prison, had been placing an excessive
number of threatening and harassing phone calls to her, both at home and work.  Ms.
Head provided four phone numbers from which the calls had been placed, stated she
was afraid of losing her job, and pleaded for prison officials to "please stop him."
*Doc. 9-1 at pp. 9-10*.

On January 5, 2019, following an investigation of Ms. Head's allegations, Lt.
Brooks filed a major disciplinary against Head.   Lt. Brooks explained his
investigation into Ms. Head's allegations:

> [After receiving a fax from Ms. Head,] I began to investigate these
> allegations immediately to determine if Inmate Head may have been
> involved in the activity as alleged.  I verified the first included phone
> number (XXX-XXX-1847) as the number for an Arkansas State Police

---

[1] The Court considers Head's habeas Petition as being filed under 28 U.S.C. § 2254 even
though he used a pre-printed form for a § 2241 Petition. *Crouch v. Norris*, 251 F.3d 720, 723 (8th
Cir. 2001) (a person under state custody pursuant to the judgment of a federal court "can only
obtain habeas relief through § 2254, no matter how his pleadings are styled").

[2] It appears Ms. Head may be the wife of Petitioner Joseph Head.

(ASP) cell phone, in which inmates are not authorized to make calls.  I verified the second included number (XXX-XXX-1848) as the number for the ASP maintenance shop.  I verified the third included number (XXX-XXX-9233) as belonging to the SECURUS inmate telephone system.  During the course of the investigation, I found that [I]nmate Head had been assigned to work at ASP during the dates alleged, and would have had access to all devices and telephone numbers in order to make calls to Shannon J. Head.  I interviewed Inmate Head who denied all allegations and submitted a statement to that affect.  Considering that Shannon J. Head would have had no other way to gain knowledge of the ASP phone numbers contained within the fax, I concluded my investigation on January 5, 2019 at approximately 10:51 AM.

*Doc. 9-1 at p. 13.*

On January 8, 2019, Head received a copy of the Major Disciplinary advising that he was being charged with: (1)  unauthorized communication with a member of the public;  (2)  lying to a staff member;  (3)  unauthorized use of state property;  and (4) possession of a cell phone.  *Id*. at p. 13.

On January 14, 2019, Head appeared for his disciplinary hearing.  He entered a plea of guilty to the first three charges, but disputed the last charge.  According to Head, he never possessed or used a cell phone.  *Id. at p. 1*.

The Disciplinary Hearing Officer ("DHO") found Head guilty of all four charges.  The DHO imposed sanctions of 45 days' loss of commissary, phone, and visitation privileges and a reduction in good-time classification from IC to IV.  *Doc. 9-1 at p. 1*.

Head appealed to Wendy Kelley, the director of the department.  On April 20, 2019, Director Kelley reversed the fourth charge, but upheld the three charges to which Head pled guilty.

On April 8, 2020, Head filed this § 2254 habeas action, in which he claims that:  (1) he  was denied procedural due process because ADC officials notified him of the disciplinary using the wrong form;  and (2) he is "actually innocent" of "unauthorized use of state property."  By way of relief, Head requests the Court to: (1)  expunge his disciplinary  conviction;  (2)  enter a finding of actual innocence; (3)  declare that the ADC's use of the wrong form violated his procedural due process rights;  (4)  find that he can pursue habeas relief under § 2241;  and (5) if his habeas claims are determined not to be cognizable, convert his habeas Petition into a § 1983 Complaint.  *Doc. 1 at p. 8*.

Respondent argues that Head's habeas claims: (1) are not cognizable; and, alternatively, (2) lack merit.  *Doc. 9.*

For the reasons explained below, the Court recommends that Head's habeas claims be dismissed, with prejudice.

## II. Discussion

### A.    Head Has Failed To State a Cognizable Habeas Claim

As punishment for his disciplinary conviction, Head's class was reduced one level and various privileges were suspended for 45 days.  It is undisputed that Head's

disciplinary conviction did not result in *the loss of any earned good-time credit*.[3]

Thus, the punishment Head received for the disciplinary conviction did not affect in

any way the length of his confinement in the ADC.

The law is well established that, if a § 2254 habeas petitioner is *not*

challenging the validity of his criminal conviction or sentence, or the length of his

confinement, a federal court lacks jurisdiction. *Spencer v. Haynes*, 774 F.3d 467,

469-70 (8th Cir. 2014) ("As we stated in *Kruger v. Erickson,* "[i]f the prisoner is not

challenging the validity of his conviction or the length of his detention, such as loss

of good time, then a writ of habeas corpus is not the proper remedy."); *Archuleta v.

Hedrick*, 365 F.3d 644, 647 (8th Cir. 2004) ("If the state prisoner is not challenging

the validity of his conviction or the length of his detention, such as loss of good time,

then a writ of habeas corpus is not the proper remedy.").

Accordingly, Head's habeas Petition should be dismissed, with prejudice.

### B.     Head's Proposed Claims Are Not Cognizable Under § 1983

Before dismissing Head's habeas petition, the Court must consider whether

his claims raise any "potentially viable" conditions of confinement claims that he

might pursue under 42 U.S.C. § 1983.  *See Spencer*, 774 F.3d at 469-70 (when a

---

[3]  Because the loss of good time credits affects the length of a prisoner's confinement, a habeas action is a prisoner's *exclusive* remedy to challenge the constitutionality of the final disciplinary conviction. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002).

habeas petition asserts conditions of confinement claims that are not cognizable in habeas, before dismissing the petition, the court should consider whether a petitioner raises a "potentially viable" constitutional claim and, if so, whether to recharacterize the claim as a civil rights action and allow petitioner the opportunity to pursue it as such).  *See* 18 U.S.C. § 1915A (requiring screening and dismissal of any claims which fail to state a claim upon which relief may be granted).

Head has a viable due process challenge to his disciplinary proceeding only if the punishment he received was sufficient to create a "liberty interest."  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Under well-established Eighth Circuit law, a prisoner has no liberty interest in maintaining: (1) a particular classification level;[4] (2) his parole eligibility;[5] or (3) his commissary, phone, and visitation privileges.[6]  Thus, Head's allegations fail to state a viable due process claim, and no basis exists for allowing him to pursue his the claims in a § 1983 Complaint.

---

[4]*Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

[5]*Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).

[6] *Phillips,* 320 F.3d at 847*; Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir.1996).

### III. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Joseph Head's Petition for a Writ of Habeas Corpus, (*doc. 1*), be DENIED, and that the case be DISMISSED, with prejudice. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 16th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE